IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ORANGE BEACON MARKETING, LLC, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00570-FB |
| vs. | § § § | |
| OUTSTANDING REAL ESTATE SOLUTIONS, INC.,  FWE, LLC, | § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Substitute Service Upon Defendant FWE, LLC [#8]. This case was referred to the undersigned for all pretrial proceedings on October 21, 2022. By its motion, Plaintiff asks the Court to approve substitute service under Rule 4(e). For the reasons that follow, the Court will grant the motion.

The record reflects that Plaintiff filed its Original Complaint against Defendants Outstanding Real Estate Solutions, Inc., and FWE, LLC, on June 1, 2022. The Clerk issued the requested summons for each Defendant. The time prescribed for service under Rule 4(m) elapsed without Plaintiff filing any returns of service. Therefore, the District Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution on October 14, 2022.

Plaintiff filed a response to the show cause order [#5], explaining that Defendant Outstanding Real Estate (ORE) had been served. (Plaintiff contemporaneously filed proof of service with the Court as to this Defendant. When ORE did not answer or otherwise respond by the deadline to do so, Plaintiff moved for a Clerk's Entry of Default, which the Clerk entered on

1

October 21, 2022.) As to Defendant FWE, Plaintiff's show cause response explains that Plaintiff had been diligently attempting service on this Defendant. Attached to the show-cause response is an Affidavit of Non-Service by Plaintiff's process server [#5-1].

The affidavit indicates that John Hunter, Plaintiff's process server, attempted service on FWE through its registered agent, William Makuiski, on five occasions between June 14, 2022, and June 22, 2022. Mr. Hunter confirmed that Mr. Makuiski's name was on the mailbox, but the windows to the residence were covered, and there were no vehicles in the driveway. Mr. Hunter attempted to inquire about Mr. Makuiski's whereabouts from neighbors, but he was not able to obtain any helpful information. Plaintiff's motion for substitute service asks the Court to approve an alternative means of service in light of the difficulties in personally serving Mr. Makuiski.

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner that, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.  Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b).  *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

The Court will grant Plaintiff's motion for substitute service.  The sworn affidavit of Mr. Hunter establishes that personal service cannot be reasonably effectuated on FWE's registered agent, Mr. Makuiski.  Plaintiff's motion further explains that counsel for Plaintiff has already received an email from the attorney representing FWE in this matter, but FWE's counsel did not respond when asked if he would accept service on FWE's behalf.  Plaintiff asks the Court to permit service through FWE's attorney.  Plaintiff also confirms that Mr. Makuiski participates in social media platforms, such as Facebook, and could be notified of the lawsuit through electronic means.

The Court will therefore order substitute service as requested such that Plaintiff may serve Defendant FWE by mailing a copy of the Complaint and summons, registered or certified mail, return receipt requested, to the address of FWE's registered agent, Mr. Makuiski, and FWE's attorney, M. Edward Krause of Cohen, Garelick & Glazier; by messaging Mr. Makuiski through social media accounts and email at any email address associated with Mr. Makuiski; or by any other technology that would give Defendant FWE reasonable notice as permitted by Rule 106 of the Texas Rules of Civil Procedure and Rule 4(e) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substitute Service Upon Defendant FWE, LLC [#8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve Defendant FWE, LLC, by substitute service as set forth herein.

**IT IS FURTHER ORDERED** that service must be completed by **December 9, 2022**.

SIGNED this 9th day of November, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE