IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ORANGE BEACON MARKETING, LLC, | § § § | |
| *Plaintiff,* | § § § | SA-22-CV-00570-FB |
| vs. | § § § | |
| OUTSTANDING REAL ESTATE SOLUTIONS, INC., FWE, LLC, | § § § § | |
| *Defendants.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion for Default Final Judgment as to Damages [#20]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#10]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be granted in part and a final default judgment be entered against Defendants.

## I.  Jurisdiction and Venue

This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy exceeding the sum or value of $75,000, and there is complete diversity of citizenship among the parties. Plaintiff Orange Beacon Marketing, LLC, is a limited liability company with a sole member, Tengjun Wang, who is a Citizen of California. (Compl. [#1], at ¶ 1.) Defendant Outstanding Real Estate Solutions, Inc., is a corporation incorporated in the State of Texas with a principal place of business also in Texas.

(*Id.* at ¶ 2.) Defendant FWE, LLC, is a limited liability corporation with two members, William Nakulski and Filoniki Goulas, both of whom are citizens of Illinois. (*Id.* at ¶ 3.) Therefore, Outstanding Real Estate Solutions, Inc., is a citizen of Texas, and FWE, LLC, is a citizen of Illinois for purposes of diversity jurisdiction. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019) (citizenship of corporation is determined by its state of incorporation and principal place of business); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of LLC is determined by citizenship of its members).

Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas. *See* 28 U.S.C. § 391(b)(2). Plaintiff alleges that the Promissory Note underlying this suit was executed in Comal County, Texas, and the terms of the Note state it shall be governed by and construed in accordance with the laws of the State of Texas. (Compl. [#1], at ¶ 5.)

## II. Background

Plaintiff Orange Beacon Marketing, LLC, filed this action on June 1, 2022, against Defendants Outstanding Real Estate Solutions, Inc., and FWE, LLC. The Original Complaint is tilted "Verified Default of Promissory Note Complaint" and alleges that Defendants executed a promissory note to repay a loan from Plaintiff in the amount of $300,000, under which Defendants were to make monthly payments on the note until July 3, 2021, when the note was to mature. According to the Complaint, Defendants are in default on their note payments, and Plaintiff seeks the full amount payable under the Note, together with interest, late charges, and all costs of collection. (Compl. [#1], at 1–5.) Attached to the Complaint is a copy of the Promissory Note underlying the suit. (Note [#1-2], at 1–8.)

Plaintiff requested issuance of summons at the time of the filing of the Complaint, but service was not completed within the time period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. The Court therefore ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution. In response, Plaintiff filed a return of summons, reflecting that Defendant Outstanding Real Estate Solutions, Inc., had been served with process on August 11, 2022, making its answer or responsive pleading due on September 1, 2022. Plaintiff also requested a Clerk's Entry of Default against Outstanding Real Estate Solutions, Inc., which was entered on October 21, 2022. Plaintiff filed a motion for substitute service as to Defendant FWE, LLC, due to difficulties effectuating personal service on this Defendant. The District Court thereafter referred the case to the undersigned for pretrial proceedings.

The undersigned granted Plaintiff's motion for substitute service on November 9, 2022, ordering service by registered or certified mail to the address of FWE's registered agent and attorney, by social media and email, or by any other technology that would give FWE reasonable notice of this lawsuit. Plaintiff thereafter requested a Clerk's Entry of Default against FWE, to which Plaintiff attached certified mail receipts, reflecting Plaintiff mailed a copy of the Complaint and Summons to FWE's registered agent and attorney, and copies of email correspondence transmitting the same on November 9, 2022. The Clerk entered default on December 2, 2022, as to FWE.

Plaintiff took no further action in this case for several months, until, on February 6, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution, due to Plaintiff's failure to pursue a default judgment or take other action. In response, Plaintiff filed a "motion for summary judgment," which the undersigned construed as a motion for default judgment. In that motion, Plaintiff argued it is entitled to judgment against

3

Defendants for the unpaid principal balance of the Note, plus interest, fees, costs, and other charges.

The undersigned issued a report and recommendation, recommending the motion be granted but final judgment be withheld until after the undersigned issued an additional report and recommendation on the amount of Plaintiff's damages [#18]. The undersigned further ordered that Plaintiff file a motion for default judgment on damages supported by an amended affidavit providing more detail regarding Plaintiff's damages computation. The District Court adopted the report and recommendation [#19], and Plaintiff filed the motion for default judgment and amended affidavit as ordered.

### III.  Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. *See* Fed. R. Civ. P. 55(b); *Brown*, 84 F.3d at 141. In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) (stating that a defaulting party is deemed to have admitted all well-pleaded allegations of the complaint); *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a

default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

## IV. Analysis

The record in this case establishes that Defendants failed to plead or otherwise defend against Plaintiff's claims. The undersigned therefore finds that the Clerk properly entered default against both Defendants. The undersigned further finds that Plaintiff is entitled to default judgment against both Defendants because the facts alleged in Plaintiff's Complaint state a claim upon which relief can be granted, and these facts are deemed as admitted by Defendants.

Plaintiff's Complaint alleges the following. On or about May 3, 2021, Defendants executed and delivered to Plaintiff a Promissory Note for the purpose of securing repayment of a loan by Plaintiff to Defendants in the amount of $300,000. (Compl. [#1], at ¶ 6.) Because the Complaint references the Promissory Note and attaches it to the pleadings, the Promissory Note is incorporated by reference into the pleadings. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The Promissory Note designates Outstanding Real Estate Solutions, Inc., and FWE, LLC, as Debtors, who promise to pay Plaintiff, the Holder of the Note, $300,000 plus interest on or before the maturity date of July 3, 2021. (Promissory Note [#1-2], at 1.) Upon maturity, the entire unpaid principal balance of the Note is payable. (*Id.*) The Note bears a flat interest amount of $200,000 over the term of the Note, which is also due and payable in full on the Maturity Date, making the grand total amount due as $500,000. (*Id.*) Upon default, the unpaid principal and accrued interest balance of the Note will immediately and without notice bear a flat interest amount of $500 per day on the first day following the due date of monthly interest and/or the maturity date of the Note. (*Id.*) The Note also states that the Debtors shall pay or reimburse

Plaintiff for all costs and expenses associated with collection of the debt, including attorneys' fees. (*Id.*)  The President of Outstanding Real Estate Solutions, Inc., Chimene Van Gundy, and the Manager of FWE, LLC, William Nakulski, signed the Promissory Note on behalf of Defendants. (*Id.* at 4.)

Plaintiff's Complaint alleges that Defendants failed to make any payments on the Note since the maturity date of July 3, 2021, and Defendants are in default.  (Compl. [#1], at ¶ 8.) Plaintiff seeks $300,000 in Principal on the Note, together with interest, late charges, and all costs of collection, including but not limited to reasonable attorneys' fees.  (*Id.* at ¶ 15.)

To recover on a promissory note under Texas law, the plaintiff must prove: (1) the existence of the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note.  *Bean v. Bluebonnet Sav. Bank, FSB*, 884 S.W.2d 520, 522 (Tex. App.—Dallas 1994, no writ).  Accordingly, based on the well-pleaded facts in Plaintiff's Complaint and the terms of the Promissory Note, the undersigned finds that Plaintiff has established that it is the holder of the Promissory Note at issue; that Defendants signed the Promissory Note; and that Defendants are in default.  By failing to respond to Plaintiff's Complaint, Defendants have admitted these facts and are subject to default judgment. *See Matter of Dierschke*, 975 F.2d at 185.

However, establishing the entitlement to a default judgment does not necessarily prove the amount of damages due.  Rule 55(b) provides a court with discretion to convene an evidentiary hearing on the issue of damages.  Fed. R. Civ. P. 55(b)(2).  When a party seeks default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  However, where the amount of damages can be "determined with

certainty by reference to the pleadings and supporting documents," and where a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993) (a district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment).

Attached to Plaintiff's motion for default judgment is the amended affidavit of Tengjun Wang, Plaintiff's sole member. (Wang Aff. [#20-2], at 1–4.) The affidavit states that Plaintiff maintains records for the loan at issue and that these records reflect that Defendants have not made any payments on the Note and owe the following amounts:

| | |
|---|---|
| Principal Balance | $300,000 |
| Interest Owed from July 3, 2021, to May 31, 2023 | $200,000 |
| Unpaid Default Interest to May 31, 2023 | $349,000 |
| Attorneys' Fees and Costs Incurred in Prior Actions Against Borrower Related to the Loan | $32,382.12 |
| TOTAL | $881,382.12 |

Plaintiff's original motion for default judgment requested damages consisting of $300,000 in principal; $200,000 in interest owed from July 3, 2021, to February 3, 2023; $290,500 in unpaid default interest; $49,074.63 in unpaid charges; $5,000 as a default fee; and $235 in processing fees. (*See* Report and Recommendation [#18], at 7.) Mr. Wang's original affidavit did not adequately explain to the Court how Plaintiff calculated these figures, particularly with respect to the "unpaid charges," "default fee," and "processing fee."

Mr. Wong has removed the undefined line items from the damages model contained in his amended affidavit. However, Plaintiff has added a request for attorneys' fees incurred in

7

prior actions related to the loan.[1]  Plaintiff does not include any information or supporting documentation regarding the incurred attorneys' fees.  The District Court should therefore issue a final default judgment awarding Plaintiff its costs[2] as well as damages consisting of $300,000 in principal, $200,000 in flat interest, and $349,000 in default interest (representing 698 days of interest at a rate of $500 per day), but deny the motion as to attorneys' fees.  As previously noted, Plaintiff may file a separate motion for attorneys' fees pursuant to Local Rule 54 with supporting documentation regarding fees incurred.  If Plaintiff believes it is entitled to attorneys' fees related to prior attempts to enforce the note outside of this lawsuit, Plaintiff may present argument and documentation to the Court regarding such fees.

## V.  Conclusion and Recommendation

Having considered Plaintiff's motion for default judgment, the failure of Defendants to respond to Plaintiff's Complaint, the record, and governing law, the undersigned recommends that Plaintiff's Motion for Default Judgment as to Damages [#20] be **GRANTED** in part as set forth herein.  Plaintiff is entitled to a final default judgment comprised of $300,000 in principal, $200,000 in flat interest, and $349,000 in default interest through May 31, 2023, for a total judgment of **$849,000**.  Plaintiff should file objections if he is seeking additional default interest from May 31, 2023, to the date of the District Court's final judgment.  In all other respects, the motion should be **DENIED** without prejudice to Plaintiff filing a Bill of Costs and Motion for Attorneys' Fees in accordance with Local Rule 54.

---

[1] The undersigned previously ordered Plaintiff to file a separate motion for attorneys' fees consistent with this Court's Local Rules in conjunction with any fees incurred in this action in the prior report and recommendation.

[2] Plaintiff should file a Bill of Costs in accordance with Local Rule 54.

**VI.  Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of October, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE